THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
        jferry@kelher.com

Attorneys for Defendants
UNUM GROUP (formerly known as
UNUMPROVIDENT CORPORATION),
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,
and DANIEL L. BLACKSTONE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE L. LEAF | Case No.:  C 07-05820 BZ |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| UNUMPROVIDENT CORPORATION; THE PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY; DANIEL L. BLACKSTONE; and DOES 1 through 20 inclusive, | |
| Defendants. | |

1    Comes now Defendants Unum Group (formerly known as UnumProvident Corporation),
2    Provident Life & Accident Life Insurance Company, (collectively referred to hereinafter as the
3    "Corporate Defendants") and Daniel L. Blackstone (referred to hereinafter as "Blackstone")
4    (Corporate Defendants and Blackstone are collectively referred to hereinafter as "Defendants")
5    and Answer the Complaint ("Complaint") filed by Plaintiff Ronnie L. Leaf ("Plaintiff") in this
6    action as follows:

7

8                          **PRELIMINARY ALLEGATIONS**

9        1.    Answering the allegations of paragraph 1 of the Complaint, Defendants deny that
10   UnumProvident Corporation (now known as Unum Group) marketed, sold or issued Plaintiff's
11   disability insurance policy in the State of California. Defendants admit that Provident Life &
12   Accident Insurance Company issued the policy at issue herein and is authorized to transact
13   business in the State of California.

14       2.    Answering the allegations of paragraph 2 of the Complaint, Defendants admit
15   Blackstone is, and was at all relevant times, an insurance agent licensed by the California
16   Department of Insurance; and so acted at all relevant times. As to the remaining allegations of
17   paragraph 2, Defendants deny the allegations.

18       3.    Answering the allegations of paragraph 3 of the Complaint, Defendants are
19   without information or belief as to the allegations of said paragraph and based thereon, deny said
20   allegations.

21       4.    Answering the allegations of paragraph 4 of the Complaint, Defendants deny the
22   allegations.

23       5.    Answering the allegations of paragraph 5 of the Complaint, Blackstone denies the
24   allegations; the Corporate Defendants are without information or belief as to the allegations of
25   said paragraph and based thereon, deny said allegations.

26       6.    Answering the allegations of paragraph 6 of the Complaint, Defendants admit that
27   Plaintiff purchased the referenced insurance policy, without residual coverage, and that the terms
28   and conditions of the insurance policy speak for themselves. As to the remaining allegations of

-1-

1   paragraph 6, Defendants deny the allegations.

2       7.    Answering the allegations of paragraph 7 of the Complaint, Corporate Defendants

3   respond that employees of Unum Group may have processed Plaintiff's claims on behalf of

4   Provident Life & Accident Insurance Company;  Blackstone is without information or belief as

5   to the allegations of said paragraph and based thereon, denies said allegations.

6       8.    Answering the allegations of paragraph 8 of the Complaint, Defendants deny the

7   allegations.

8       9.    Answering the allegations of paragraph 9 of the Complaint, Defendants deny the

9   allegations.

10      10.   Answering the allegations of paragraph 10 of the Complaint, Corporate

11  Defendants admit that Plaintiff submitted a claim for disability benefits but deny each and every

12  remaining allegation; Blackstone is without information or belief as to the allegations of said

13  paragraph and based thereon, denies said allegations.

14      11.   Answering the allegations of paragraph 11 of the Complaint, Corporate

15  Defendants admit that Plaintiff's claim for disability benefits was/is not compensable but deny

16  each and every remaining allegation; Blackstone is without information or belief as to the

17  allegations of said paragraph and based thereon, denies said allegations.

18      12.   Answering the allegations of paragraph 12 of the Complaint, Corporate

19  Defendants deny the allegations; Blackstone is without information or belief as to the allegations

20  of said paragraph and based thereon, denies said allegations.

21      13.   Answering the allegations of paragraph 13 of the Complaint, Corporate

22  Defendants deny the allegations; Blackstone is without information or belief as to the allegations

23  of said paragraph and based thereon, denies said allegations.

24      14.   Answering the allegations of paragraph 14 of the Complaint, Corporate

25  Defendants deny the allegations; Blackstone is without information or belief as to the allegations

26  of said paragraph and based thereon, denies said allegations.

27

28

ANSWER TO COMPLAINT          CASE NO.  C 07-05820 BZ

1    15.    Answering the allegations of paragraph 15 of the Complaint, Corporate

2 Defendants deny the allegations; Blackstone is without information or belief as to the allegations

3 of said paragraph and based thereon, denies said allegations.

4

5                              **FIRST CLAIM FOR RELIEF**

6                              **(Negligent Misrepresentation)**

7    16.    Answering the allegations of paragraph 16 of the Complaint, Defendants

8 incorporate by reference their responses to paragraphs 1-16 as though fully set forth herein.

9    17.    Answering the allegations of paragraph 17 of the Complaint, Defendants deny the

10 allegations, to wit: "repeatedly advised"; "oral representations"; "written letters"; "other written

11 solicitations"; and all other allegations that describe the terms of the insurance policy except as

12 otherwise stated in the policy by the insurer.

13    18.    Answering the allegations of paragraph 18 of the Complaint, Defendants respond

14 that to the extent Plaintiff alleges any fraud or misrepresentation Defendants deny such

15 allegations and further respond that the policy speaks for itself; Corporate Defendants further

16 respond that they are without information or belief as to statements allegedly made by Plaintiff

17 and based thereon, deny said allegations.

18    19.    Answering the allegations of paragraph 19 of the Complaint, Defendants respond

19 that to the extent Plaintiff alleges any fraud or misrepresentation Defendants deny such

20 allegations and further respond that the policy speaks for itself; Corporate Defendants further

21 respond that they are without information or belief as to statements allegedly made by Plaintiff

22 and based thereon, deny said allegations.

23    20.    Answering the allegations of paragraph 20 of the Complaint, Corporate

24 Defendants deny that any letter -- August 12, 1989 or otherwise -- constituted a representation of

25 the terms and conditions of the insurance policy; Blackstone responds that he is without

26 information or belief as to statements allegedly made by Plaintiff and based thereon, denies said

27 allegations.

28

ANSWER TO COMPLAINT          CASE NO.  C 07-05820 BZ

21.     Answering the allegations of paragraph 21 of the Complaint, Blackstone admits he told plaintiff that he is/was skilled in the area of disability insurance, consistent with the licensing requirements in California; that Provident specialized in disability income insurance; that any claim would be processed based on the information provided at the time of claim; that the Provident policy was a superior product; that the Provident policy was the only type of disability insurance Plaintiff could purchase.  Except as otherwise admitted, Defendants deny the remaining allegations generally and specifically to the extent plaintiff alleges they alter the written terms of the insurance policy.

22.     Answering the allegations of paragraph 22 of the Complaint, Defendants are without information or belief as to what Plaintiff believed or what he would have done, and based thereon deny said allegations.

23.     Answering the allegations of paragraph 23 of the Complaint, Defendants deny the allegations.

24.     Answering the allegations of paragraph 24 of the Complaint, Defendants deny the alleged representations were false;  Defendants further respond that the policy speaks for itself; Defendants further respond that they are without information or belief as to the remaining allegations of said paragraph and based thereon, deny said allegations.

25.     Answering the allegations of paragraph 25 of the Complaint, Defendants deny the alleged representations were false; Defendants further respond that the policy speaks for itself; Defendants further respond that they are without information or belief as to the remaining allegations of said paragraph and based thereon, deny said allegations.

26.     Answering the allegations of paragraph 26 of the Complaint, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

### (Fraud)

27.     Answering the allegations of paragraph 27 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-26 as though fully set forth herein.

-4-

1    28.   Answering the allegations of paragraph 28 of the Complaint, Defendants deny the
2  allegations.

3    29.   Answering the allegations of paragraph 29 of the Complaint, Defendants deny the
4  allegations.

5    30.   Answering the allegations of paragraph 30 of the Complaint, Defendants deny the
6  allegations.

7    31.   Answering the allegations of paragraph 31 of the Complaint, Defendants deny the
8  alleged representations were false; Defendants further respond that the policy speaks for itself;
9  Defendants further respond that they are without information or belief as to the remaining
10  allegations of said paragraph and based thereon, deny said allegations.

11    32.   Answering the allegations of paragraph 32 of the Complaint, Defendants deny the
12  allegations.

13    33.   Answering the allegations of paragraph 33 of the Complaint, Defendants deny the
14  allegations.

15

16                          **THIRD CLAIM FOR RELIEF**

17                             **(Breach of Contract)**

18    34.   Answering the allegations of paragraph 34 of the Complaint, Defendants
19  incorporate by reference their responses to their responses to paragraphs 1-33 as though fully set
20  forth herein.

21    35.   Answering the allegations of paragraph 35 of the Complaint, Defendants admit
22  that Provident Life and Accident Insurance Company issued a disability insurance policy to
23  Plaintiff. Defendants deny each and every remaining allegation of said paragraph.

24    36.   Answering the allegations of paragraph 36 of the Complaint, Defendants deny the
25  allegations.

26    37.   Answering the allegations of paragraph 37 of the Complaint, Defendants deny the
27  allegations.

28

                                    -5-

1    38.    Answering the allegations of paragraph 38 of the Complaint, Defendants deny the
2   allegations.

3    39.    Answering the allegations of paragraph 39 of the Complaint, Defendants deny the
4   allegations.

## FOURTH CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

8    40.    Answering the allegations of paragraph 40 of the Complaint, Defendants
9   incorporate by reference their responses to their responses to paragraphs 1-39 as though fully set
10  forth herein.

11   41.    Answering the allegations of paragraph 41 of the Complaint, Corporate
12  Defendants admit there is a covenant of good faith and fair dealing present in the insurance
13  policy, with attendant obligations on both parties to the insurance policy, and deny the remaining
14  allegations.

15   42.    Answering the allegations of paragraph 42 of the Complaint, and each and every
16  subparagraph thereof, Defendants deny the allegations.

17   43.    Answering the allegations of paragraph 43 of the Complaint, Defendants deny the
18  allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

22   As a first affirmative defense, Defendants allege that neither Plaintiff's Complaint nor any
23  claim for relief therein state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

25   As a second affirmative defense, Defendants allege, on information and belief, that
26  through Plaintiff's conduct, to be determined by the court as comparative or contributory fault,
27  Plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in
28  his Complaint.

-6-

1

### THIRD AFFIRMATIVE DEFENSE

2    As a third affirmative defense, Defendants allege, on information and belief, that any

3    damages sustained by Plaintiff by reason of the events alleged in his Complaint were

4    proximately caused or contributed to by Plaintiff's conduct, to be determined by the court.

5

6

### FOURTH AFFIRMATIVE DEFENSE

7    As a fourth affirmative defense, Defendants allege, on information and belief, that

8    Plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction

9    and/or elimination pursuant to offset and/or policy limitations.

10

### FIFTH AFFIRMATIVE DEFENSE

11    As a fifth affirmative defense, Defendants allege that Plaintiff has failed to satisfy all

12    conditions precedent to receipt of benefits under the policy.

13

### SIXTH AFFIRMATIVE DEFENSE

14    As a sixth affirmative defense, Defendants allege, on information and belief, that

15    Plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of

16    unclean hands from seeking or obtaining any recovery against Defendants by reason of his

17    Complaint.

18

### SEVENTH AFFIRMATIVE DEFENSE

19    As a seventh affirmative defense, Defendants deny that Plaintiff has sustained any injury

20    or damage by any act or omission by Defendants.  However, if it is established that Plaintiff

21    suffered an injury or damage for which Defendants are held liable, Defendants allege that such

22    injury or damage is to be determined by the court as proximately caused or contributed to by the

23    intervening negligence or wrongful acts of Plaintiff, or others acting for or on his behalf and that

24    those negligent and/or wrongful acts by Plaintiff or others, eliminate and/or reduce any damages

25    Plaintiff can recover from Defendants in this action.

26

### EIGHTH AFFIRMATIVE DEFENSE

27    As an eighth affirmative defense, Defendants allege that any and all losses or damages

28    sustained by Plaintiff, as a result of the occurrences alleged in the Complaint, are to be

-?-

1   determined by the court as proximately caused in whole or in part by the negligence or fault of

2   persons or entities other than Defendants, and for whom Defendants are not responsible.  The

3   negligence and fault of other persons or entities eliminates or reduces any damages Plaintiff may

4   recover from Unum in this action.

### NINTH AFFIRMATIVE DEFENSE

6        As a ninth affirmative defense, Defendants allege that Plaintiff, as to be determined by

7   the court, failed to exercise reasonable care and diligence to mitigate his damages, if he has any.

8   As a consequence, Plaintiff's claim should be barred, or alternatively, any damages awarded to

9   Plaintiff should be reduced in proportion to Plaintiff's fault in failing to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

11       As a tenth affirmative defense, Defendants allege that Plaintiff's claims for relief, as to be

12  determined by the court, are barred by the principle of unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

14       As an eleventh affirmative defense, Defendants allege that each and every act or

15  statement done or made by Defendants, or by Defendants agents or employees, with reference to

16  Plaintiff, before and after Plaintiff filed his Complaint, was privileged as a good faith assertion of

17  Defendants' legal and contractual rights.

### TWELFTH AFFIRMATIVE DEFENSE

19       As a twelfth affirmative defense, Defendants allege that Plaintiff is not entitled to any

20  benefits or any other compensation from Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

22       As a thirteenth affirmative defense, Defendants allege that Plaintiff's Complaint is barred

23  by the applicable statutes of limitations, which affirmative defense is made in recognition of and

24  continued acceptance of any tolling agreement between the parties, to wit: the statute(s) ran

25  before any tolling agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE

27       As a fourteenth affirmative defense, Defendants allege that their claim decision was

28  correct and proper under the terms of Policy.

-8-

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth affirmative defense, Defendants allege that Plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth affirmative defense, Defendants allege that Plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in his Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth affirmative defense, Defendants allege that Plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth affirmative defense, Defendants allege that Plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a nineteenth affirmative defense, Defendants alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a twentieth affirmative defense, Defendants allege that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-first affirmative defense, Defendants allege that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second affirmative defense, Defendants allege that Plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third affirmative defense, Defendants allege that Plaintiff's Complaint and each and every cause of action therein, is barred by Plaintiff's failure to exhaust his administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth affirmative defense, Defendants allege that Plaintiff's Complaint and each and every cause of action therein, is barred by Plaintiff's failure to comply with the notice provisions of his policy.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth affirmative defense, Defendants allege that Plaintiff's Complaint and each and every cause of action therein, is barred by Plaintiff's failure to comply with the proof of loss provisions of his policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth affirmative defense, Defendants allege that Plaintiff's Complaint and each and every cause of action therein, is barred by Plaintiff's failure to comply with all the terms, conditions and provisions of his policy.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh affirmative defense, Defendants reserve their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment to be determined in its favor as follows:

1.    That Plaintiff take nothing by reason of his Complaint on file herein;

2.    That Defendants be awarded their costs and expenses incurred in this action;

3.    That Defendants be awarded their attorneys' fees incurred in this action; and

4.    That Defendants recover such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

KELLY, HERLIHY & KLEIN LLP

Dated: November ___, 2007        By_____

John C. Ferry
Attorneys for Defendants
UNUM GROUP (Formerly known as
UNUMPROVIDENT CORPORATION)
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and
DANIEL L. BLACKSTONE

E:\27251\P03revdoc

-11-

**PROOF OF SERVICE**
*Ronnie Leaf v. UnumProvident, et al.*
USDC – Northern District – San Francisco Div.
Case No. CV 07-5820 BZ

I, CIARA GARLITOS, declare:

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

On November 20, 2007, I served the attached **ANSWER TO COMPLAINT,** on the interested parties in said action,

__X__   **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

___   **(by personal delivery)** by having a true copy thereof personally delivered to the person listed below by a non-interested party employed by the law firm of Kelly, Herlihy & Klein LLP.

___   **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

___   **(by facsimile transmission as indicated below)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

Ronnie L. Leaf                                    In Pro Per
3233 Countryside Drive
San Mateo, CA 94403
    Fax: (650) 572-0944

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 20, 2007 at San Francisco, California.

_____
CIARA GARLITOS

PROOF OF SERVICE