RONNIE L. LEAF
3233 Countryside Drive
San Mateo, CA 94403
Telephone NO.: 650.341.5581
FAX No.: 650.572.0944

Plaintiff in Pro. Per.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON LEAF, | Case No.: CV07-5820MJJ |
| Plaintiff, | |
| vs. | NOTICE OF MOTION AND MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR CONTINUANCE TO ALLOW PLAINTIFF TIME TO OBTAIN COUNSEL |
| UNUMPROVIDENT CORPORATION; THE PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY; DANIEL L. BLACKSTONE, and DOES 1 through 20 inclusive, | Date: February 26, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Honorable Martin J. Jenkins |
| Defendants, | |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

1. Notice is hereby given that on February 26, 2008, at 9:30 a.m. or as soon thereafter as counsel may be heard by the above-entitled court located at US Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, in the courtroom of the Honorable Martin J. Jenkins. Plaintiff will, and hereby does, move the court for an order remanding the above matter to state court or, in the alternative, for an order continuing existing calendar deadlines at least 90-days to allow Plaintiff time to obtain qualified counsel to represent him in this matter.

2. The Motion to Remand is brought on the grounds that California Defendant, Daniel L. Blackstone was/is not a "sham defendant" as claimed by Defendants UNUM, but was/is an agent purportedly acting on behalf of a California organization formerly known as the California Trial Lawyers Association (now known as the Consumer Attorneys of California) and on behalf of California Attorneys and residents who were/are members of that California organization.

3.  The alternative Motion to Continue is brought on the grounds that Plaintiff in pro per, Ronnie L. Leaf, who is gravely disabled, is unable to competently represent himself in this matter and is in need of a lull in litigation activity to allow him time to secure review of the matter by and, hopefully, representation by competent counsel.

4.  This motion is based on this Notice of Motion and Motion, the memorandum of Points and Authorities filed herewith, the declaration of Ronnie L. Leaf, the pleadings and papers on file herein, and upon such others as may be presented to the court at the time of the hearing.

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

In their removal papers at page 5, paragraph 17, the UNUM Defendants argue that Defendant Blackstone is a sham Defendant who cannot be liable to Plaintiff because "it is well settled law in California that an agent **of an insurance company acting within the course and scope of his disclosed agency** cannot be liable to the insured." *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966).

If Plaintiff had alleged only that Blackstone was the **disclosed exclusive** agent of the UNUM Defendants or if the UNUM Defendants had admitted that they were fully responsible for any representations by Blackstone to Plaintiff, their argument might possess some merit.

UNUM's argument fails completely, however, when careful attention is given to the pleadings on file herein. For example, the complaint allegations at paragraphs 2 through 6 generally describe the conduct and representations of Blackstone as those typical of a **broker** acting on behalf of Plaintiff and other members of CTLA rather than as an **agent** of the UNUM Defendants. Paragraph 2 of the complaint is particularly significant when read together with Defendants answer:

> 2.  Defendant DANIEL L. BLACKSTONE ("BLACKSTONE") is an insurance broker and/or agent residing in California. BLACKSTONE was, at all times, acting either as an **individual or broker** or as an agent, representative or employee of the remaining defendants and, in such capacity was, acting in the course and scope of said employment and/or agency (emphasis applied.)

The answer to paragraph 2 reads as follows:

> 2. Answering the allegations of paragraph 2 of the Complaint, Defendants admit Blackstone is, and was at all relevant times, an insurance agent licensed by the California Department of Insurance; and so acted at all relevant times. As to the remaining allegations of paragraph 2, Defendants deny the allegations.

When read together it is clear that the UNUM Defendants are specifically denying in their answer that Blackstone was . . . an agent . . . of the remaining Defendants . . . .". UNUM's argument in paragraph 17 of its removal memorandum must therefore fail because the UNUM Defendants specifically denied in their answer that Blackstone was their disclosed agent acting within the course and scope if his disclosed agency.

UNUM further denies any agency relationship between the Defendants in its response to paragraph 4 of the complaint. Paragraph 4 states:

> 4. At all material times herein, each defendant was acting as an individual or as the agent and/or employee of the remaining defendants and in doing the things hereinafter alleged was acting within the course and scope of said agency and with the permission and consent of its principal. The acts and conduct alleged herein of each said defendant were known to, authorized by, and ratified by the other defendants.

Defendants response is as follows:

> 4. Answering the allegations of paragraph 4 of the Complaint, Defendants deny the allegations.

In other words, Defendants deny any agency relationship at all between each other in their responsive pleadings but claim exactly the opposite in their removal memorandum at paragraph 17.

As noted in *Arocho v. California Fair Plan Insurance Company* 2005 134, Cal. App. 4th 461, 466, and earlier in *Maloney v. Rhode Island Insurance Company* 1953, 115 Cal. App. 2nd 238, 244, **the status of insurance sales persons as "agents" or "brokers" is determined by what they say and do *not* by what they are called.**

The complaint herein adequately pleads facts as showing that Blackstone was acting as a California **broker** whose brokerage activities were specifically directed at a particular group of California attorneys, including Plaintiff herein.

On this basis it is submitted that UNUM's argument the Blackstone is a "sham defendant" is without merit.

The matter therefore should be remanded to state court forthwith.

Respectfully Submitted,

Dated: December 17, 2007           By: /s/ Ronnie L. Leaf

Ronnie L. Leaf, in Pro Per

RONNIE L. LEAF
3233 Countryside Drive
San Mateo, CA 94403
Telephone NO.: 650.341.5581
FAX No.: 650.572.0944

Plaintiff, In Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON LEAF, <br><br> Plaintiff, <br><br> vs. <br><br> UNUMPROVIDENT CORPORATION; THE PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY; DANIEL L. BLACKSTONE, and DOES 1 through 20 inclusive, <br><br> Defendants, | Case No.: CV07-5820MJJ <br><br> DECLARATION OF RONNIE L. LEAF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR CONTINUANCE TO ALLOW PLAINTIFF TIME TO OBTAIN COUNSEL <br><br> Date: February 26, 2008 <br> Time: 9:30 a.m. <br> Courtroom: 11, 19th Floor <br> Honorable Martin J. Jenkins |

I, RONNIE L. LEAF, declare:

1. I am the Plaintiff in the above-entitled matter.

2. I have personal knowledge of the matters stated herein and could and would testify, truthfully thereto if called as a witness.

3. I am 67-years-old and am a single parent who is attempting to care for myself, and my two teenage children.

4. I was a practicing attorney with an active and profitable practice until the end of 1998 when I was seriously injured as a result of two automobile collisions caused by others.

5. Since that time, my health has rapidly declined to the point that I am no longer able to practice law and I am very limited in my ability to perform ordinary daily activities.

DECLARATION OF RONNIE L. LEAF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR
CONTINUANCE TO ALLOW PLAINTIFF TIME TO OBTAIN COUNSEL
1

6. In 2002 I was warned, by my cardiologist that I was facing a serious risk of heart attack or stroke if I did not bring my courtroom activities to a close.

7. I unfortunately failed to heed his advise and suffered a hypertensive stroke (CVA) while in court in December 2004.

8. Shortly thereafter, I asked that my name be placed on the inactive role of the California Bar and sought the assistance of others in the winding down of the remnants of my practice.

9. There have been four litigation cases filed as a result of the injuries and illnesses related to the 1998 accidents. Three of those cases have been settled for the policy limits and the fourth case is the one at hand.

10. I filed the case in my own name because the conclusion of a long administrative process left me with a very short period before the statute of limitations expired.

11. It has never been my intention to litigate the case myself and I am well aware that I have neither the strength nor competence at this point to move the case forward on my own behalf.

12. I have been searching for an attorney to take the case over and have found several attorneys who are interested in reviewing the recently acquired and very voluminous claims file with an eye to taking over the litigation.

13. I have been reminded that there are many disability cases now pending against UNUM and that litigating those cases on behalf of policyholders has become something of a specialty which is not for the uninitiated.

14. In the event that the court declines to rule on the accompanying motion to remand or denies that motion, I am requesting that all matters be continued for at least three months in time to allow me to seek, and hopefully, retain competent counsel to take over the case.

15. I declare, under penalty of perjury, under the laws of California that the foregoing is true and correct and that this declaration was executed at San Mateo, California on December 17, 2007.

Dated: December 17, 2007          By:  _____
                                       Ronnie L. Leaf

DECLARATION OF RONNIE L. LEAF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND, OR IN THE ALTERNATIVE, FOR CONTINUANCE TO ALLOW PLAINTIFF TIME TO OBTAIN COUNSEL

2

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare that I am employed in the County of San Mateo, State of California; I am over the age of eighteen (18) years old and not a party to the within-entitled action; and my business address is 3233 Countryside Drive, San Mateo, California 94403.

On the date below, I caused to be served the **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND OR IN THE ALTERNATIVE CONTINUANCE, DECLARATION OF RON LEAF IN SUPPORT OF MOTION FOR REMAND OR IN THE ALTERNATIVE, CONTINUEANCE, POINTS & AUTHORITIES IN SUPPORT OF MOTION TO REMAND OR IN THE ALTERNATIVE CONTINUANCE** on the interested parties in said action by depositing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail box at San Mateo, California, addressed as follows:

>Thomas M. Herlihy, Esq.
>John C. Ferry, Esq.
>44 Montgomery Street, #2500
>San Francisco, CA  94104

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Mateo, California, on December 17, 2007.

_L. Hughes_
L. Hughes

PROOF OF SERVICE