1  THOMAS M. HERLIHY (SBN 83615)
   JOHN C. FERRY (SBN 104411)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808
   Email: herlihy@kelher.com
5          jferry@kelher.com

6

7  Attorneys for Defendants
   UNUM GROUP (formerly known as
8  UNUMPROVIDENT CORPORATION),
   PROVIDENT LIFE AND ACCIDENT
9  INSURANCE COMPANY,
   and DANIEL L. BLACKSTONE
10

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14

15  RONNIE L. LEAF                    ) Case No.:  C 07-05820 MJJ
                                      )
16          Plaintiff,               )
                                      )
17      vs.                          ) **DEFENDANTS' OPPOSITION TO**
                                      ) **PLAINTIFF'S MOTION TO REMAND**
18  UNUMPROVIDENT CORPORATION; THE   )
    PROVIDENT LIFE & ACCIDENT        ) Date:  February 26, 2008
19  INSURANCE COMPANY; DANIEL L.     ) Time: 9:30 a.m.
    BLACKSTONE; and DOES 1 through 20 ) Courtroom: 11, 19th Floor
20  inclusive,                       )
                                      )
21          Defendants.              )
                                      )
22  _____ )

23

24

25

26

27

28

1    Defendants UnumProvident Corporation and The Provident Life & Accident Insurance

2   Company ("defendants") oppose plaintiff Ron Leaf's motion to remand.  This action involves the

3   alleged wrongful denial of plaintiff's claim for benefits under a disability policy.  Plaintiff

4   alleges causes of action for breach of contract, breach of the covenant of good faith and fair

5   dealing ("bad faith"), negligent misrepresentation and fraud against defendants.

6    Plaintiff also sues insurance agent Daniel L. Blackstone ("Blackstone") based on his sale

7   of the policy to plaintiff in 1989.   Plaintiff alleges one claim for relief for negligent

8   misrepresentation.

9                                               I

10                                     **INTRODUCTION**

11    Plaintiff initially filed this action in San Mateo County Superior Court.  It was removed

12   to this court on the basis of diversity jurisdiction.  Plaintiff, through this motion, seeks to remand

13   the matter to state court.  Defendants maintain that the matter is properly before this court and

14   should remain before this court: plaintiff and defendants are diverse; plaintiff cannot establish

15   liability against Blackstone, he is included merely to avoid federal court jurisdiction and is a

16   fraudulently named and sham defendant.

17                                              II

18                               **FACTUAL BACKGROUND**

19    On or about July 25, 1989, plaintiff applied for a disability insurance policy from The

20   Provident Life and Accident Insurance Company.    Disability policy, no. 06-337-5013219, was

21   issued to plaintiff on August 11, 1989.  Defendant Blackstone sold the disability policy to

22   plaintiff.  Fourteen years later, in January 2003, plaintiff submitted a claim for a disability.

23   Plaintiff alleges that defendants wrongfully denied his claim, and that Blackstone negligently

24   misrepresented the policy terms and coverage.

25    Plaintiff alleges one claim for relief against Blackstone for negligent misrepresentation.

26   Plaintiff claims Blackstone made inaccurate representations in 1989 when he sold the disability

27   policy to plaintiff.  Plaintiff claims Blackstone misrepresented his own skill and experience as

28   well as the reliability and future conduct of defendants.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
CASE NO.  C 07-05820 BZ

The alleged misrepresentations, in pertinent part, are the following:

> BLACKSTONE, on behalf of himself and the INSURER DEFENDANTS, represented to Plaintiff that he possessed the special skills, expertise, experience and resources to advise Plaintiff as to his disability insurance needs and further represented to Plaintiff that by purchasing his disability insurance policy from the INSURER DEFENDANTS as described below, Plaintiff would be receiving disability insurance coverage which was tailored to the special needs of the plaintiffs trial lawyers, was endorsed by the California Trial Lawyers Association, and would pay disability benefits to Plaintiff in the event he became substantially disabled from his current occupation as a plaintiffs trial lawyer. In particular, BLACKSTONE, represented to Plaintiff and assured Plaintiff that in the event he became unable to competently performs the substantial and material duties of his occupation as a Plaintiff's Trial Lawyer as a result of sickness or injury, INSURER DEFENDANTS would be obligated to and, in fact, would pay monthly disability benefits to age 65. Based on these representations, Plaintiff purchased the policy of insurance described below.

(The complaint, par. 5.)

> BLACKSTONE repeatedly advised Plaintiff through oral representations, written letters and other written solicitations that the INSURER DEFENDANTS were among the most reputable and sophisticated disability insurance companies, and that in the event Plaintiff made a claim, it would be properly handled and he would be paid disability benefits in the event he was unable to perform his occupation as plaintiff's trial lawyer.

(Id, par. 17.)

> BLACKSTONE further advised plaintiff that PROVIDENT was a reliable insurance company, skilled in the area of disability insurance and that, if Plaintiff purchased said POLICY, PROVIDENT would process Plaintiff's claim fairly and in good faith and, if he were disabled, Plaintiff's claim would be paid without undue challenge or undue delay. BLACKSTONE further represented to Plaintiff that he would be covered if he became unable to competently perform his occupation as a plaintiff's trial lawyer and repeatedly represented the superior nature of the PROVIDENT POLICY because it insured Plaintiff in his specific occupation and recognized specialty and would provide coverage in the event Plaintiff was unable to perform said occupation.

-2-

1   (Id, par. 21.)

2        Plaintiff's claim for misrepresentation allegedly took place while Blackstone was acting

3   within the scope of his agency and therefore he cannot be held individually liable to plaintiff.

4   Additionally, the alleged misrepresentations by Blackstone are based on alleged future conduct

5   by defendants and therefore cannot be the basis for a claim for relief for misrepresentation.

6   Furthermore, plaintiff is deemed to have read the terms of the policy and accepted the terms; he

7   cannot rely reasonably on any alleged misrepresentations by Blackstone.  Accordingly,

8   plaintiff's motion to remand should be denied.

9                                  **III**

10                        **LEGAL ARGUMENT**

11   **A.     Diversity is Determined At The Time The Complaint is Filed**

12        Plaintiff contends that Blackstone is not a sham defendant because defendants' <u>answer</u>

13   does not admit that Blackstone is defendants' agent.  However, the operative review point to

14   determine diversity is the time the suit is filed.  <u>Wild v. Subscription Plus, Inc.</u>, 292 F.3d 526,

15   528 (7th Cir. 2002).  Therefore, at the time this matter was removed, the court correctly looks to

16   the complaint and the allegations therein to determine whether diversity existed.

17   **B.     The Court Can Disregard Sham Defendants In Determining If Diversity**

18         **Jurisdiction Exists.**

19        Blackstone is a sham defendant.  A non-diverse party named in a state court action may

20   be disregarded if this court determines that the party's joinder is a sham or fraudulent so that no

21   possible claim for relief has been stated against the party.  <u>McCabe v. General Foods Corp.</u>, 811

22   F.2d 1336, 1339 (9th Cir. 1987); <u>Farias v. Bexar County Bd. Of Trustees</u>, 925 F2d 866, 871 (5th

23   Cir. 1991).  As demonstrated below, plaintiff cannot establish liability against Blackstone and

24   should be disregarded by this court in assessing diversity.

25        **1.     Blackstone Acted Within His Disclosed Agency With Defendants In**

26            **Selling The Policy to Plaintiff And Therefore Cannot Be Held**

27            **Individually Liable to Plaintiff**

28        The alleged misrepresentations by Blackstone were made while Blackstone was acting

-3-

1   in his capacity as an agent for defendants. The California state courts consistently have held that

2   "[liability] to the applicant or insured for acts or contracts of an insurance agent within the scope

3   of is agency, with full disclosure of the principal, rests on the company." <u>Lippert v. Bailey</u>

4   (1966) 241 Cal.App. 2d 376, 382. Additionally, "where the signature as agent and not as a

5   principal appears on the face of the contract, the principal is liable and not the agent." (<u>Id</u>. at

6   382.) Based on these principals, the court in <u>Flippo Industries, Inc. v. Sun Ins. Co.</u> (1999) 74

7   Cal. App. 4th 1429, 1442 held that:

8
9
10
11

> Where an agent is duly constituted and names his principal and contracts in his
> name and does not exceed his authority, the principal is responsible and not the
> agent. This view has been adopted in California. Where the signature as agent
> and not as a principal appears on the face of the contract, the principal is liable
> and not the agent.

12

13   The court in <u>Loehr v. Great Republic Insurance Company</u> (1990) 226 Cal.App.3d 727,

14   735, held that an authorized agent under Insurance Code section 1731, acting in an insurance

15   transaction, is an agent of the insurance company. The court found that:

16
17
18
19

> The Insurance Code defines an insurance agent as a person authorized, by or on
> behalf of an insurer, to transact insurance. (Ins. Code section 31.) The word
> transact, as applied to insurance, is defined to include any of the following: (a)
> Solicitation; (b) Negotiations preliminary to execution; (c) Execution of a contract
> of insurance, (d) Transaction of matters subsequent to execution of the contract
> and arising out of it. (Ins. Code section 35.)

20

21   Plaintiff cannot dispute that Blackstone, when he made the alleged misrepresentations and

22   entered into the contract, was conducting business on behalf of defendants, disclosed principals.

23         **2.**    **Plaintiff Cannot Allege An Individual Claim Against Blackstone**

24             **Because The Alleged Misrepresentation Took Place In The Scope of**

25             **His Agency With Defendants**

26   An insurance agent cannot be liable personally to an insured for acts done within the

27   course and scope of his agency for a principal whose identity is disclosed to the insured.

28   <u>Cavallini v. State Farm Ins. Co.</u>, 44 F 3d 256, 260-262 (5th Cir. 1995); <u>Good v. Prudential</u>

-4-

1  Insurance Company of America, 5 F. Supp. 2d 804 (N.D.Cal. 1998); Gastic v. State Farm

2  Insurance Company, 825 F. Supp. 245, 249 (C.D. Cal. 1995). "Where an agent is duly

3  constituted and names his principal and contracts in his name and does not exceed his authority,

4  the principal is responsible and not the agent." Gastic v. State Farm Insurance Company, 825 F.

5  Supp. 245, 249 (C.D. Cal. 1995); Flippo Industires, Inc. v. Sun Ins. Co. supra, 74 Cal.App. 4th at

6  1442.

7    In Good v. The Prudential Insurance Company, supra, 5 F. Supp. 2d 804, the Honorable

8  Claudia Wilken held that the insurance agent named in that case, as an individual defendant, was

9  a sham defendant and that diversity jurisdiction existed. The plaintiff in Good alleged that the

10  agent made numerous misrepresentations to him in the course of selling him a life insurance

11  policy. The court concluded that the agent was a sham defendant because she was acting within

12  the course of her agency with the life insurance carrier in the sale of the policy and therefore

13  could not be individually liable for the alleged misrepresentations. The court held that:

14
> Defendants assert that under California law, an insurance agent, acting
15  within the scope of her agency for a disclosed insurance agency, is an
> improper defendant. The California Court of Appeal, in Lippert v. Bailey,
16  241 Cal.App.2d 376, 382 (1966), held that liability to the insured 'for acts
> or contracts of an insurance agent within the scope of his agency, with a
17  full disclosure of the principal, rests on the company. (Cites omitted)

18    The alleged misrepresentations by Blackstone, according to plaintiff, took place while he

19  was acting within his agency with defendants. The disclosed principal was on the application for

20  the policy. The application was submitted to, signed and issued by the insurer. Blackstone

21  clearly was an agent on behalf of the insurer and was acting within the scope of that agency.

22  Accordingly, he cannot be held liable individually for alleged misrepresentations.

23    **3.    A Claim For Relief Based On Misrepresentation Fails Because It Is**

24    **Based on Statements of Future Action (the Payment of Benefits and**

25    **Being Treated Fairly) By A Third Party, Defendants**

26    A claim for relief for misrepresentation must be based on the alleged misrepresentation of

27  a past or existing fact. Snider v. Roadway Packaging Systems, 2000 U.S. Dist. LEXIS 4688

28  (N.D. Cal 2000). A claim for relief cannot be based on the prediction of future events or

-5-

statements of future action by a third party, such as the prediction allegedly made by Blackstone in 1989 that defendants would pay at some future time benefits without "undue challenge or undue delay." (Complaint, par. 21.)

Dealing with a similar claim, the court in <u>Tarmann v. State Farm Mutual Automobile Insurance Company</u> (1991) 2 Cal.App. 4th 153 at 158 held:

> to be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. "[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." (Citing 5 Witkin, Summary of Cal.Law (9th ed. 1988) Torts @ 678, pp 779-780; <u>Richard P. v. Vista Del Mar Care Services</u> (1980) 106 Cal.App. 3d 860, 865

A claim for misrepresentation cannot be based on Blackstone's statement of the terms of the policy because he correctly stated those terms; to wit: benefits are paid if plaintiff meets the definition of disability, for his occupation as a trial lawyer, in accordance with the policy.

Moreover, plaintiff is bound by the terms of his policy, and he is deemed to have read them. This is so despite any alleged misrepresentations about coverage. <u>Hadland v. NN Investors Life Insurance Co.</u> 24 Cal.App.4th 1578, 1586 (1994). Any claims for relief by plaintiff against Blackstone in contravention of policy terms are not actionable – though, of course, plaintiff could pursue such claims against the insurer.

The only basis for plaintiff's claim for misrepresentation is that Blackstone predicted that defendants would pay benefits under the policies at some future time and would "properly" handle the "claim fairly and in good faith" and if plaintiff became disabled, the claim "would be paid without undue challenge or undue delay." Blackstone has no control over claim handling in the future and any alleged statement concerning future actions by defendants constitutes an opinion and therefore cannot be the basis for a cause of action for misrepresentation.

### 4. Plaintiff Did Not Justifiably Rely on Any Alleged Misrepresentations by Blackstone

A necessary element of a fraud claim is justifiable reliance on the alleged mis-representation. <u>Lazar v. Superior Court</u> 12 Cal 4th 631. Assuming arguendo that Blackstone

-6-

1   misrepresented policy terms, plaintiff cannot rely reasonably on any alleged misrepresentations.

2   "It is a general rule that the receipt of a policy and its acceptance by the insured without an

3   objection binds the insured as well as the insurer and he cannot thereafter complain that he did

4   not read it or know its terms. It is the duty of the insured to read his policy." (Aetna Casualty &

5   Surety Co. v. Richmond 76 Cal.App. 3d. 645, 652, citing Taft v. Atlas Assur. Co 58 Cal.App.2d.

6   696, 703 [137 P.2d 483])

7        Plaintiff is an attorney and experienced by education and experience in legal contracts

8   and agreements.  He cannot claim that he relied on any alleged misrepresentations by Blackstone

9   that were contrary to the plain provisions of his policy.

10                                          **IV**

11                                    **CONCLUSION**

12        Plaintiff has not and cannot state a claim for relief against Blackstone.  He is a sham

13   defendant and should be dropped from this action.  In that there is complete diversity, the

14   removal of this matter by defendants is proper.  Plaintiff's motion to remand should be denied.

15                                    Respectfully Submitted,

16                                    KELLY, HERLIHY & KLEIN LLP

17

18   Dated: January 30, 2008            By

19                                        Thomas M. Herlihy
                                         Attorneys for Defendants
20                                       UNUM GROUP (Formerly known as
                                         UNUMPROVIDENT CORPORATION)
21                                       PROVIDENT LIFE AND ACCIDENT
                                            INSURANCE COMPANY and
22                                       DANIEL L. BLACKSTONE

23

24

25   E:\27251\P07.doc

26

27

28

                                          -7-

PROOF OF SERVICE
*Ronnie Leaf v. UnumProvident, et al.*
USDC – Northern District – San Francisco Div.
Case No. CV 07-5820 MJJ

I, CIARA GARLITOS, declare:

I am employed in the City and County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2500, San Francisco, California 94104. I am over the age of 18 years and not a party to the foregoing action.

On January 30, 2008, I served the attached **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND,** on the interested parties in said action,

_X_    **(by mail)** by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Kelly, Herlihy & Klein LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Francisco, California.

___    **(by personal delivery)** by having a true copy thereof personally delivered to the person listed below by a non-interested party employed by the law firm of Kelly, Herlihy & Klein LLP.

___    **(by Federal Express)** by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

___    **(by facsimile transmission as indicated below)** by transmitting said document(s) from our office facsimile machine (415) 391-7808, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

Ronnie L. Leaf                                    In Pro Per
3233 Countryside Drive
San Mateo, CA 94403
     Fax: (650) 572-0944

I declare under penalty of perjury that I am employed by a member of the Bar of this Court at whose direction this service is made, and that this declaration is executed on January 30, 2008, at San Francisco, California.

_Ciara Garlitos_
CIARA GARLITOS

PROOF OF SERVICE